**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ADAM M. GLOWKA, | : | |
| *Plaintiff*, | : : | Case No. 1:25-cv-838 |
| vs. | : : | Judge Jeffery P. Hopkins |
| WARREN COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, *et al.*, | : : : : : | |
| *Defendants*. | : : | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the Report and Recommendation issued by Chief Magistrate Judge Stephanie K. Bowman on December 10, 2025. Doc. 25. The Magistrate Judge recommends that Plaintiff Adam Glowka's ("Plaintiff" or "Glowka") complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Glowka has filed objections. Docs. 28, 52. For the reasons explained below, Glowka's objections are **OVERRULED**, and the Magistrate Judge's Report and Recommendation is **ADOPTED**.

## I.    BACKGROUND

In the Report and Recommendation, the Magistrate Judge aptly summarized the factual background and Glowka's original complaint and two amendments—noting that "[c]ombined, the original complaint, the first amended complaint, and the second amended complaint total a daunting 291 pages in the electronic record." Doc. 25, PageID 971. Indeed, Glowka has named fifteen defendants: (1) Warren County Child Support Enforcement Agency ("Warren County CSEA"); (2) Butler County Child Support Enforcement Agency ("Butler County CSEA"); (3) Ohio Department of Job and Family Services ("ODJFS"); (4)

Thomas Howard, Warren County CSEA Director; (5) Julie Gilbert, Butler County CSEA Director; (6) Alaina Bidlack, Warren County CSEA Prosecutor; and (7) Gregory (David) Forsnell, Warren County Prosecutor; (8) Magistrate Jeffrey W. Stueve, Warren County Juvenile Court; (9) Magistrate Jenna L. Seitz, Warren County Juvenile Court; (10) Judge Joseph W. Kirby, Warren County Court of Common Pleas, Juvenile Division; (11) Warren County, Ohio, by and through its Board of County Commissioners; (12) Butler County, by and through its Board of County Commissioners; (13) Alishia Hounshell, Warren County Deputy Clerk; (14) Elizabeth Leisz, Warren County Deputy Clerk; and (15) Meredith Begley, Butler County Chief Deputy Clerk. *See* Docs. 22, 23, 24. Based on the voluminous nature of Glowka's filings and the comprehensive overview provided by the Magistrate Judge, the Court will incorporate by reference the factual and procedural background set forth in the Magistrate Judge's Report and Recommendation. Doc. 25, PageID 967–79.

Upon review of the factual and procedural background and the law related to Glowka's claims, the Magistrate Judge determined as follows: (1) Glowka cannot represent a class as a pro se litigant, (2) eight of the individual defendants are absolutely immune from suit, (3) Eleventh Amendment immunity bars recovery against Defendant ODJFS, (4) several of Glowka's claims are time-barred, (5) res judicata bars Glowka's claims, and (6) the Court lacks jurisdiction or should abstain from its exercise based on the domestic relations exception, *Rooker-Feldman* abstention, and *Younger* abstention. *Id.* at PageID 979–87.

Glowka asserts eight objections to the Report and Recommendation. The objections are as follows: (1) the instant action is not a disguised appeal of a state court child support order, (2) Sixth Circuit precedent does not support quasi-judicial immunity for court clerks, (3) granting Eleventh Amendment immunity to ODJFS without analyzing whether Title II

of the ADA abrogates state sovereign immunity was improper, (4) the statute of limitations does not bar Glowka's claims, (5) res judicata is not a bar to federal jurisdiction over independent constitutional and ADA claims, (6) the domestic-relations exception to federal jurisdiction does not apply here, (7) dismissal with prejudice at the screening stage is improper, and (8) the Magistrate Judge failed to separately consider whether Glowka's Monell allegations survive dismissal under Rule 12(b)(6). Doc. 28, PageID 1027–28.

## II.     STANDARD OF REVIEW

Within 14 days after being served with a Report and Recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). When a party timely objects, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). This means that general or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). When reviewing objections, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

3

### III.    LAW AND ANALYSIS

#### A.  The Magistrate Judge appropriately described the nature of the action.

As an initial matter, Glowka objects to the Magistrate Judge's description of this action. He alleges that she mischaracterized this case as a state court appeal, and that this case is in no way a disguised appeal of state child support orders. Doc. 28, PageID 1032, 1036–37. But upon review of the original complaint and amendments, and the Report and Recommendation, there is no sign that the Magistrate Judge mischaracterized the nature of this case. Thus, to the extent Glowka objects in this regard, his objection is overruled.

#### B.  Defendants Magistrate Seitz, Magistrate Stueve, Judge Kirby, Prosecutor Bidlack, Prosecutor Forsnell, Clerk Hounshell, Clerk Leisz, and Clerk Begley are immune from suit.

The Magistrate Judge determined that eight defendants are immune from suit, including: Magistrate Seitz, Magistrate Stueve, Judge Kirby, CSEA Prosecutor Bidlack, CSEA Prosecutor Forsnell, Warren County Deputy Clerk Alishia Hounshell, Warren County Deputy Clerk Elizabeth Leisz, and Butler County Chief Deputy Clerk Meredith Begley. Doc. 25, PageID 980–82. Glowka objects to this finding to the extent that the Magistrate Judge determined that court clerks are entitled to quasi-judicial immunity, and directs the Court to *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). But Glowka's reliance on *Wojnicz*, a habeas case, is unavailing on this score because there, the Sixth Circuit made clear that judicial employees, including court clerks, "are immune from damages for the performance of quasi-judicial duties." *Id.* at 383 (citing *Bush v. Rauch*, 38 F.3d 842, 847–48 (6th Cir. 1994) (court administrator executing court order) and *Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir. 1988) (court clerk issued erroneous warrant on judge's order)). And pertinent here, "[f]iling a pleading is an integral part of the judicial process; consequently, the clerk of court's

acceptance or rejection of a pleading for filing is a quasi-judicial function." *Garrison v. Wilson*, No. 24-1198, 2025 LX 165515, at *4 (6th Cir. Jan. 14, 2025) (collecting cases).

In *Wojnicz*, the Sixth Circuit concluded that the petitioner's allegations involved actions taken while the Clerk of the Michigan Supreme Court was performing quasi-judicial duties processing the petitioner's habeas corpus petition. *Id.* at 383–84. The same is true here. Glowka's allegations against Warren County Deputy Clerks Alishia Hounshell and Elizabeth Leisz, and Butler County Chief Deputy Clerk Meredith Begley involved actions taken while each of them was performing quasi-judicial duties. *See e.g.*, Doc. 24, PageID 952–54. Thus, as in *Wojnicz*, "[w]hether or not [the clerks] committed any errors in handling [Glowka's filings], they are immune from suit for [the] monetary damages" that Glowka seeks. *Id.* at 384. Glowka's objection as to these defendants must therefore be overruled.

To the extent that Glowka separately objects to the Magistrate Judge's findings as to Magistrate Seitz, Magistrate Stueve, Judge Kirby, CSEA Prosecutor Bidlack, and CSEA Prosecutor Forsnell, that objection must also be overruled. Magistrate Seitz, Magistrate Stueve, and Judge Kirby are absolutely immune from civil liability. *See Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (per curiam) (finding that the plaintiff's claims against a state-court judge for alleged violations of the ADA and the Rehabilitation Act were barred by the doctrine of absolute judicial immunity); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (same). Prosecutors Bidlack and Forsnell are likewise immune. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (finding that prosecutors are entitled to absolute prosecutorial immunity in § 1983 suits when prosecutors act within the scope of their prosecutorial duties); *Ellis v. Mahoning Cnty. Child. Support Enf't Agency*, No. 4:24-cv-2028,

2025 WL 524368, at *3 (N.D. Ohio Feb. 18, 2025). Accordingly, the Court agrees with the Magistrate Judge that all claims against these defendants must be dismissed.

### C.  Glowka's claim under the ADA is time-barred.

The Magistrate Judge concluded that Glowka's claim under the ADA is time-barred. Glowka objects on the basis that Defendants have engaged in "ongoing concealment, fraud upon the court, and continued denial of appellate access." Doc. 28, PageID 1027. The latter assertions and related allegations seem to pertain to Glowka's ADA claim asserted against the defendants that are immune. Doc. 23, PageID 859; Doc. 24, PageID 957. Accordingly, the Court will address Glowka's ADA claim as asserted against any remaining defendants.

Congress did not include a statute of limitations when drafting the ADA. *McCormick v. Miami Univ.*, 693 F.3d 654, 663 (6th Cir. 2012). Consequently, courts "borrow a statute of limitations from the most analogous state cause of action," which in Ohio, is Ohio's two-year statute of limitations applicable to personal injury claims. *Id.* at 664 ("[W]e . . . conclude that Ohio's personal injury actions also govern the limitations period for claims in Ohio arising under Title II of the ADA."); Ohio Rev. Code § 2305.01(A) (requiring "an action for bodily injury or injuring personal property" to be brought "within two years after the cause of action accrues").

The basis for Glowka's ADA claim is that defendants systematically failed to credit SSDI derivative benefits and, as a result, intentionally discriminated against Glowka and failed to accommodate his disability. Doc. 22, PageID 687. Glowka claims that he suffered "[c]ontinued unlawful collections totaling $21,780 to $35,588." *Id.* at PageID 688. Glowka's factual allegations pertaining to his claim show that Glowka's claim accrued in July 2015 when, despite notice, Glowka alleges that "Defendants took no action to modify [his] support

obligation or to credit the derivative benefits on the child support ledger," and continued to assess and unlawfully collect child support. *Id.* at PageID 678. Despite his repeated written requests, "Defendants refused to acknowledge the derivative benefits or recalculate the obligation." *Id.* at PageID 679. Based on the allegations in Glowka's complaint, his ADA claim was required to be filed no later than July 2017, but he did not file this case until November 2025—well beyond the two-year statute of limitations. Though he alleges a continuing violation since Defendants have allegedly continued to unlawfully collect through November 2025, Glowka's claim is still time-barred because "[a]dhering to a previous decision [here, allegedly not crediting derivative benefits] does not establish a continuing violation." *Scully v. Hamilton Cty. Developmental Disabilities Servs.*, No. 1:17-cv-685, 2018 WL 11282677, at *6 (S.D. Ohio Sept. 17, 2018) (citing *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999)). Thus, because Glowka's ADA claim is time-barred, his related objection is overruled.

Glowka separately objects to the Magistrate Judge's conclusion that Defendant Ohio Department of Job and Family Services ("ODJFS") is a state agency, and therefore entitled to immunity from monetary damages under the Eleventh Amendment. Doc. 25, PageID 982. In his objections, Glowka asserts that the Magistrate Judge overlooked whether Title II of the Americans with Disabilities Act abrogates state sovereign immunity, and thus erred in finding ODJFS immune for his ADA claim. Doc. 28, PageID 1027, 1040, 1047. Glowka's objection, however, is moot because regardless of whether ODJFS is immune from liability under the ADA, his ADA claim is barred by the two-year statute of limitations, which the Court has previously determined, expired in July 2017.

**D. Glowka's claims under § 1983 are time-barred.**

The Magistrate Judge also determined that Glowka's claims under § 1983 are time-barred. Glowka generally objects to this finding on the basis that defendants have engaged in fraud, bad faith, ongoing violations, and concealment. Doc. 28, PageID 1047.

"[The] appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that all actions for bodily injury be filed within two years after their accrual." *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc). Glowka alleges that defendants' unlawful actions over a period lasting from July 2015 to November 2025 resulted in systematic deprivation of due process and equal protection rights. Doc. 22, PageID 674. For example, he alleges that defendants deprived him of notice and an opportunity to be heard before unlawfully collecting $21,780 to $35,588 from him. *Id.* at PageID 684. In another of his claims, Glowka alleges that his constitutional injuries were caused by an official policy, custom, or practice, which included in part, resisting correction despite Glowka's "repeated requests for modification, accounting, and correction spanning twelve years (2015–2025)." *Id.* at PageID 685–686.

The statute of limitations on his § 1983 claims began to run when Glowka knew or had reason to know of the injury which served as the basis for the action. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (quotation omitted). As with his ADA claim, based on the allegations in Glowka's complaint, his § 1983 claims accrued in 2015, meaning that he was required to file this action within two years of accrual—sometime in 2017. Glowka did not file this case until November 2025—approximately eight years later. Glowka's objection that his § 1983 claims are time-barred is overruled. Separately but relatedly, Glowka objects to the Report and Recommendation because the Magistrate Judge dismissed his Monell claims

8

without separately considering whether those claims survived the *Twombly* and *Iqbal* plausibility standards. Doc. 28, PageID 1052. Glowka's objection in this regard is not well taken because the Magistrate Judge properly determined that his § 1983 claims, which encompasses his Monell claims, were time-barred.

### E.  Glowka's claims are barred by res judicata.

As the Magistrate Judge explained: "both the January 2020 state court decision and the more recent October 2025 state court decision denied Plaintiff relief based at least in part on principles of res judicata." Doc. 25, PageID 983. As a result, the Magistrate Judge found that Glowka's claims should be dismissed on the basis of res judicata. *Id.* Glowka objects to this finding on the basis that res judicata is not a bar to federal jurisdiction over independent constitutional claims.[1] Doc. 28, PageID 1027. In this regard, Glowka misses the mark.

Res judicata applies when four requirements are satisfied: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue [that] was litigated or which [c]ould have been litigated in the prior action; and (4) an identity of the causes of action." *Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016) (quoting *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009)) (internal quotation marks omitted). Contrary to Glowka's suggestion, there is no restriction on the types of claims to which res judicata may apply, and courts have found that res judicata applies to constitutional claims. For example, the Sixth Circuit explained that res judicata "applies to civil rights actions under 42 U.S.C. § 1983 with respect to issues actually litigated in the state courts . . . as well as those issues that were not raised but could have been litigated

---

[1]  Glowka also asserts that res judicata cannot bar ADA claims. Since his ADA claim is time-barred, the Court focuses only on Glowka's constitutional claims. Doc. 28, PageID 1027.

in the state court proceeding." *Anderson-Keri v. Detroit Bd. of Educ.*, No. 99-1083, 1999 WL 1206867, at \*2 (6th Cir. Dec. 9, 1999); *see also Demsey v. Demsey*, 488 F. App'x 1, 5 (6th Cir. 2012). This premise also applies to constitutional claims arising from child support proceedings. *Graves v. Cuyahoga Cnty. Child. Support Enf't Agency*, No. 1:25-cv-749, 2025 WL 1898973, at \*2–3 (N.D. Ohio July 9, 2025). Because res judicata extends to constitutional claims and Glowka does not otherwise challenge the applicability of res judicata to the claims asserted in this case, his objection is overruled.

### F.  The domestic relations exception applies to this case.

In addition to various other grounds for dismissal, the Magistrate Judge also found that the domestic relations exception demands dismissal of Glowka's claims. Doc. 25, PageID 984–86. In response, Glowka argues that his case "challenges independent federal constitutional wrongs," such as "due process violations, disability discrimination, and obstruction of access to courts." Doc. 28, PageID 1028. But the fact that Glowka asserts that he challenges independent federal constitutional wrongs is not dispositive. In *Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, \*3 (6th Cir. Jan. 10, 2025), the Sixth Circuit upheld the application of the domestic relations exception where the plaintiffs "couched their claims against the defendants in terms of constitutional violations," but "the substance of the claims revolve[d] around the state courts' decisions in the domestic-relations proceedings." The Sixth Circuit considered as part of its analysis the type of relief sought by the plaintiffs in that case, which included for example, overturning prior state court domestic relations decisions and awarding monetary damages based on past judicial decisions. *Edelstein*, 2025 WL 609487, \*3.

Here, too, Glowka's claims revolve around prior state court decisions concerning his child support obligations. And the relief sought by Glowka would require the Court to

10

reconsider state court decisions and award damages based on those decisions. For example, Glowka requests that the Court declare a state-court decision void, issue an injunction requiring immediate correction of Glowka's ledger, including calculation of overpayment and issuance of refund or credit, and remand to a state court for a mandatory audit relative to his child support obligations. Doc. 22, PageID 697; Doc. 23, PageID 861; Doc. 24, PageID 962. For these reasons, Glowka's objection to the Magistrate Judge's application of the domestic relations exception mandated upon lower courts by the Sixth Circuit is not well taken.

### G. *Rooker-Feldman* and *Younger* apply to Glowka's claims.

Glowka did not delineate in his list any objections to the Magistrate Judge's application of the *Rooker-Feldman* and *Younger* abstention doctrines, but it appears that he nonetheless objects to application of these doctrines. The Magistrate Judge determined that the *Rooker-Feldman* doctrine, which "prevents a party who loses in state court from appealing that decision to the lower federal courts," *McCormick v. Braverman*, 451 F.3d 382, 396 (6th Cir. 2006), applies to at least some of Glowka's claims. Doc. 25, PageID 986–87. Similarly, the Magistrate Judge found that the *Younger* abstention doctrine also applies because Glowka's state court appeal remains pending. *Id.* at PageID 987. Glowka objects to the application of the *Rooker-Feldman* doctrine premised on his belief that he "is not just a state court loser," and that the "state court judgment is nothing more than an overt act of fraud and concealment." Doc. 28, PageID 1049. He objects to application of *Younger* because the Magistrate Judge failed to apply the "mandatory 'bad faith, harassment, or extraordinary circumstances'" exceptions. *Id.* at PageID 1049. Neither objection is persuasive here.

First, the *Rooker-Feldman* doctrine was properly applied when considering the source of the injury that Glowka alleges in his complaint and amendments. *McCormick*, 451 F.3d at

11

393. Second, Glowka has not shown that any of the "narrowly construed" exceptions to application of the *Younger* doctrine apply. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). As the Sixth Circuit explained, the Supreme Court has applied the bad faith or harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken-N.K., Inc. v. Vernon Twp.*, 18 F. App'x 319, 324 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806–08 (3d ed. 1999)). The factual allegations here are not akin to that application. Here, Glowka bears the burden of proving that his case fits the "rarely applied" exceptions to *Younger*, and he has not done so. *Southwest Metals, Inc. v. City of Detroit*, No. 2:15-cv-11080, 2015 WL 1737603, at *3 (E.D. Mich. April 16, 2015) (citing *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 539 (6th Cir. 2001)).

### H. Dismissal with prejudice is proper.

Based on the reasons for dismissal set forth in the Report and Recommendation, the Magistrate Judge recommended that this action be dismissed with prejudice. Doc. 25, PageID 987. Glowka asserts in his objections that dismissal with prejudice is improper at the screening stage because "[d]etermining whether the *Younger* exceptions apply requires a factual inquiry into the Defendants' intent and the nature of the state proceedings." Doc. 28, PageID 1052–53. Thus, as a result, dismissing this case sua sponte deprives him of the opportunity to show that the exception applies. *Id.* The issue for Glowka, however, is that for many reasons dismissal of his claims is proper—even if an exception to *Younger* applies. Further, dismissal with prejudice is appropriate when "the complaint could not be saved by an amendment." *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 n.1 (6th Cir. 2021). Because a third

12

amendment would be futile, dismissal with prejudice is appropriate in this case.[2] *Cf. Kanu v. Siemens PLM*, No. 1:18-cv-38, 2018 U.S. Dist. LEXIS 221573, at *2 (S.D. Ohio Dec. 10, 2018) (holding that justice "does not require this Court to permit a pro se plaintiff unlimited opportunities to amend his complaint, in hopes of eventually stating some claim"), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 26469 (S.D. Ohio Feb. 19, 2019).

## IV.    CONCLUSION

Having addressed the portions of the Report and Recommendation to which a proper objection was made, the Court **OVERRULES** Glowka's objections (Docs. 28, 52), **ADOPTS** the Report and Recommendation (Doc. 25), and **DISMISSES** Glowka's complaint and amendments with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The remaining pending motions are **DENIED** as moot. *See* Docs. 37, 44, 45, 46, 53, 54, 55, 58, 59.

**IT IS SO ORDERED.**

April 30, 2026

Jeffery P. Hopkins
United States District Judge

---

[2]    The Court acknowledges that Glowka has filed a motion for leave to file a third amended complaint (Doc. 33). In his proposed third amended complaint, Glowka reasserts claims against the fifteen defendants already named in this action. For the reasons stated in this Order and the Magistrate Judge's Report and Recommendation, amendment as to these defendants would be futile. Glowka otherwise names four other previously unnamed defendants and seeks to recast his lawsuit as a civil action under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c). Glowka, however, fails to allege any facts that plausibly suggest the four newly-proposed defendants engaged in a racketeering enterprise or otherwise violated his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). *See also Bachi-Reffitt v. Reffitt*, 802 F. App'x 913, 918 (6th Cir. 2020) (discussing plausibility of a RICO claim under 18 U.S.C. § 1962(c)); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("[P]leading requirements governing civil conspiracies are relatively strict." (citation omitted)). Accordingly, Glowka's motion for leave to file a third amended complaint (Doc. 33) is denied.